**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 21, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40994
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FERNANDO CESAR MONTEIRO-DE OLIVEIRA,

                                        Defendant-Appellant,

_____

Consolidate With
No. 03-40999

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FERNANDO MONTEIRO-DE OLIVEIRA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-285-1
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.

Fernando Cesar Monteiro-De Oliveira appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Monteiro-De Oliveira contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. He therefore argues that his conviction must be reduced to one under the lesser included offense found in 8 U.S.C. § 1362(a), his judgment must be reformed to reflect a conviction only under that provision, and his sentence must be vacated and the case remanded for resentencing to no more than two years' imprisonment and one year of supervised release.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Monteiro-De Oliveira acknowledges that his arguments are foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his arguments for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres

R. 47.5.4.

"unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.